PER CURIAM.
Appellant, Carter Pohlman, filed a complaint against appellees Brian Barry and Professional Pilot Services, Inc. (PPS), alleging breach of contract, fraud, and civil theft arising from the sale of an aircraft to appellant. He appeals from the trial court’s entry of final summary judgment in favor of appellees and contends that genuine issues of material fact exist. We agree; we reverse the summary judgment and remand to the trial court for further proceedings.
In his complaint, appellant alleged that Barry advertised for sale a Beech Bonanza aircraft and that, following his inspection, he agreed to purchase the aircraft based upon representations made by Barry personally and in the printed advertisement. Appellant subsequently learned that the aircraft had been damaged and improperly repaired; that the serial and registration numbers reflected in the advertisement and on the aircraft’s log books belonged to an aircraft earlier destroyed in Canada; and that certain parts of the purchased aircraft were not from a Beech Bonanza aircraft, but from a Beech Debonair model. In sum, Appellant alleges that- Barry purchased the paperwork and fuselage from a destroyed aircraft, never actually obtained that fuselage, and thereafter applied the paperwork and certification to an aircraft comprised of parts from other aircraft to constitute the merchandise sold to him. After an inspection, the Federal Aviation Administration (FAA) grounded the aircraft and directed appellant to surrender its airworthiness certificate.
Appellant claimed liability against Barry in his individual capacity and as the alter-ego of PPS. He alleged that although Barry signed the contract of sale as president of PPS, no such corporation existed at that time. He also alleged that six years earlier, during its brief period of actual existence, the corporation was set up as a “sham” and served as Barry’s alter ego due to his exercise of “total dominion and control” without observing the formalities of corporate existence. He further alleged by affidavit that Barry instructed him to address the purchase checks to Barry individually, and that Barry endorsed the checks individually and never placed the proceeds into a corporate account. In support of his allegations, appellant filed the affidavit of Douglas Marsh, the owner of Aircraft Salvage and Rebuild, Inc., who stated that he “sold to Brian Barry as an individual the damaged fuselage and paperwork for registration # N25738, Serial *605 No. CE466.” Marsh further stated, “Mr. Barry was responsible for providing transportation to get the fuselage he purchased. He never provided the transportation and never obtained the fuselage.” Appellant alleged in his complaint that the logbooks, other documents, and contract of sale for the aircraft Barry sold him bore the registration number N25738 and the serial number CE466. Barry denied that PPS was his alter ego and claimed that PPS had a properly filed and recognized corporate identity at the time of the sale.
The trial court summarily granted appellees’ motion for summary judgment, stating, “There is no legal or factual basis presented to pierce the corporate veil.” At the summary judgment hearing, the trial court found the affidavits of appellant and Douglas Marsh to be untimely served and expressly declined to consider them. Barry argues that the trial court properly refused to consider the affidavits. We disagree. Florida Rule of Civil Procedure 1.510(c) provides, “The adverse party may serve opposing affidavits by mailing the affidavits at least 5 days prior to the day of the hearing, or by delivering the affidavits to the movant’s attorney no later than 5:00 p.m. two business days prior to the day of the hearing.” According to the summary judgment transcript, appellant delivered the affidavits at 5:00 p.m. on Thursday, September 8, which was at least two business days prior to the hearing date, Tuesday, September 9. Therefore, the trial court abused its discretion by refusing to consider the affidavits of appellant and Douglas Marsh.
Based upon the pleadings, affidavits, and depositions on file, we hold that appellant has established genuine issues of disputed material facts including, inter alia, whether a proper corporate form existed; whether Barry controlled or dominated the corporation; whether the purchase funds were paid directly to Barry in an individual capacity or paid to the corporation and then to Barry; and whether the corporate purpose at the time of the contract was to defraud the purchaser of the aircraft. See Seminole Boatyard v. Christoph, 715 So.2d 987 (Fla. 4th DCA 1998). We reverse the final summary judgment and remand this cause to the trial court for further proceedings on appellant’s claims against Brian Barry individually and Professional Pilot Services, Inc.
REVERSED and REMANDED.
WARNER, C.J., DELL and TAYLOR, JJ., concur.